## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07102
973-297-4887

August 12, 2025

**LETTER MEMORANDUM**

Re:   ***Karupaiyan v. Tata Consultancy Services (TCS), et al.*,**
      **Civil Action No. 22-1349 (ES) (JRA)**

Dear Parties:

Before the Court is *pro se* plaintiff Palani Karupaiyan's ("Plaintiff") Amended Complaint. (D.E. No. 21 ("Amended Complaint" or "Am. Compl.")).  Plaintiff[1] brings this action against defendants Tata Consultancy Services ("TCS"), "Tata Group of Companies" (TCS's parent company), TCS's Chief Executive Officer ("CEO") Rajesh Gopinathan, TCS's former CEOs Natarajan Chandrasekaran and Subramanian Ramadorai, and "John does [*sic*] ex-CEOs of TCS" (collectively, "Defendants").  (Am. Compl. at 1).  On October 19, 2023, Plaintiff filed the Amended Complaint after the Third Circuit Court of Appeals ("Third Circuit") dismissed Plaintiff's appeal of this Court's January 27, 2023 Order granting him *in forma pauperis* ("IFP") status and dismissing the initial complaint *without prejudice* upon screening for failure to meet the pleading standards pursuant to Federal Rules of Civil Procedure ("Rules") 8 and 12(b)(6).  (D.E. Nos. 5, 7 & 16).  On the same day Plaintiff filed the Amended Complaint, he submitted a "Motion for Writ of Mandamus, Prohibition, or Alternative." (D.E. No. 22 ("Motion")).  Thus, also before the Court are Plaintiff's objections (D.E. No. 30 ("Plaintiff's Objections" or "Pl.'s Obj.")) to the report and recommendation issued by the Honorable José R. Almonte, U.S.M.J., recommending that this Court deny Plaintiff's Motion (D.E. No. 27 ("Report and Recommendation" or "R&R")).

For the reasons set forth below, Plaintiff's Amended Complaint is **DISMISSED** *with prejudice* and Plaintiff's Motion is **DENIED** as moot.  In the alternative, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** Judge Almonte's R&R in full, and **DENIES** Plaintiff's Motion.

## I.    BACKGROUND

On March 14, 2022, Plaintiff brought this action against defendants TCS, Rajesh Gopinathan, Tata Group of Companies, and "John does [*sic*] ex-CEOs of TCS." (D.E. No. 1 ("Complaint" or "Compl.") at 1).  This Court granted Plaintiff's IFP application, screened the

---

[1]    Although the Amended Complaint continues to list minor individuals "P.P." and "R.P." as named plaintiffs, the Court reiterates that a parent cannot represent the interests of his or her minor children *pro se*.  (*See* D.E. No. 5 ¶ 1 n.1 (citing *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *4 (D.N.J. Jan. 17, 2020) (noting that "a non-attorney parent may not represent his or her child *pro se* in federal court"))).  Accordingly, the Court construes the allegations in the Amended Complaint as made on behalf of Plaintiff Palani Karupaiyan only.

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and found that Plaintiff failed to meet the pleading standards pursuant to Rules 8 and 12(b)(6). (*See generally* D.E. No. 5). Indeed, the Court also noted Plaintiff's history of litigiousness in this District, citing to other matters in which he has been notified of the pleading standards and yet failed to state a claim for relief. (*Id.* at 5–6[2]). Accordingly, on January 27, 2023, this Court dismissed Plaintiff's Complaint (D.E. No. 1) *without prejudice* and granted Plaintiff leave to amend. (D.E. No. 5 ¶ 10). On February 1, 2023, Plaintiff appealed this Court's January 27, 2023 Order to the Third Circuit. (D.E. No. 7). On February 9, 2023, despite Plaintiff's pending appeal, Judge Almonte granted Plaintiff's request for a ninety-day extension to file an amended complaint. (D.E. No. 9). On June 27, 2023, the Third Circuit dismissed Plaintiff's appeal for lack of jurisdiction pursuant to 28 U.S.C. § 1291. (D.E. No. 16).

On August 18, 2023, this Court granted Plaintiff's second request for an extension of time to file an amended complaint; thus, Plaintiff had until December 31, 2023, to submit an amended pleading. (D.E. No. 19). On October 19, 2023, Plaintiff filed the Amended Complaint. (D.E. No. 21). On the same day that Plaintiff filed the Amended Complaint, he also filed the "Motion for Writ of Mandamus, Prohibition, or Alternative." (D.E. No. 22). This Court referred Plaintiff's Motion to Judge Almonte for a report and recommendation.

On June 7, 2024, in a separate case filed by Plaintiff, the Honorable Susan D. Wigenton, U.S.D.J., ordered the Clerk of Court in the District of New Jersey "not to accept any filings or filing fees submitted by Palani Karupaiyan." *Karupaiyan v. Shalimar Grp. of Rests.*, No. 23-0844, D.E. No. 40 (the "Preclusion Order") (D.N.J. June 7, 2024). The Preclusion Order notes that the Court has "received numerous letters and pleadings from Plaintiff Palani Karupaiyan that are incoherent, unintelligible, and generally fail to state any claim upon which relief may be granted" and that "such filings waste the time and resources of the Court." (*Id.*).

On June 28, 2024, Judge Almonte entered his Report and Recommendation, recommending that the Motion be denied. (R&R at 1). Specifically, Judge Almonte found that Plaintiff had other adequate means to obtain the relief requested, which did not require the issuance of a writ. (*Id.* at 6 (citing *In re Mujaddid*, 762 F. App'x 124, 125 (3d Cir. 2019))). Judge Almonte noted that this Court's screening of the Amended Complaint is "an adequate means by which Plaintiff may obtain the desired relief, if he is, in fact entitled to it." (*Id.*). Thus, Judge Almonte found that the mandamus relief Plaintiff seeks could not be used "to circumvent [this] Court's review of [his] Amended Complaint pursuant to § 1915(e)(2)(B)." (*Id.*). Significantly, Judge Almonte noted that the Preclusion Order had no bearing on the R&R. (*Id.* at 1 n.1).

---

[2]    *See, e.g.*, *Karupaiyan v. Atl. Realty Dev. Corp.*, 827 F. App'x 165, 167 (3d Cir. 2020) ("We agree with the District Court that Karupaiyan's difficult-to-follow complaint fails to suggest the existence of any plausible claim."); *Karupaiyan v. Naganda*, No. 20-12356, 2021 WL 3616724, at *2 (D.N.J. Aug. 12, 2021), *aff'd*, No. 21-2560, 2022 WL 327724 (3d Cir. Feb. 3, 2022) ("Plaintiff's First Amended Complaint is largely incoherent and partially illegible . . . ."); *Karupaiyan v. Int'l SOS*, No. 21-1853, 2021 WL 6102077, at *1 (3d Cir. Dec. 22, 2021) (affirming dismissal of Plaintiff's similar allegations in a previous action and noting the complaint "lacked any comprehendible factual narrative"; *Karupaiyan v. CVS Health Corp.*, No. 19-8814, 2021 WL 4341132, at *36 (S.D.N.Y. Sept. 23, 2021) (explaining that despite having an opportunity to amend, the benefit of multiple rounds of pre-motion letters from defendants, and despite the court's leeway in construing his claims liberally, "there remain fundamental deficiencies in most of Plaintiffs' claims").

Thereafter, Judge Almonte granted Plaintiff's request for a thirty-day extension to object to the R&R. (D.E. Nos. 28 & 29). On August 2, 2024, Plaintiff filed objections to Judge Almonte's Report and Recommendation. (D.E. No. 30).

Because this Court granted Plaintiff leave to amend his initial Complaint on January 9, 2023 and provided generous extensions for Plaintiff to amend his pleading on February 9, 2023 and August 18, 2023 (D.E. Nos. 5, 9 & 19)—all of which preceded the issuance of the June 7, 2024 Preclusion Order—the Court will screen Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B). *See Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018).

## II.    DISMISSAL OF PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE

### A.    Legal Standard

The Court will be forgiving of complaints filed *pro se* and construes their allegations liberally. *See Haines v. Kerner*, 404 U.S. 519, 596 (1972). Nonetheless, "[w]hen considering whether to dismiss a complaint for failure to state a claim pursuant [to] § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under Fed. R. Civ. P. 12(b)(6)." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020). Thus, the Court must *sua sponte* dismiss any claim that (i) fails to state a claim upon which relief may be granted, (ii) is frivolous or malicious, or (iii) seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B)(i)–(iii).

To survive dismissal under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and a claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (first quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010); and then quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[T]hreadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" are all disregarded. *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). Further, a complaint may be considered frivolous where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

A complaint must also comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim[s] showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." *Id.* 8(d)(1). Rule 8 further requires that the complaint set forth the plaintiff's claims with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). The complaint must contain "sufficient facts to put the proper defendants on notice so that they can frame an answer" to the plaintiff's allegations. *See*

*Dist. Council 47 v. Bradley et.al.*, 795 F.2d 310, 315 (3d Cir. 1986). Importantly, vague group pleadings "undermine[ ] the notice pleading regime of Rule 8." *Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-1206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014).

Moreover, "shotgun pleadings" have been regularly criticized by the Third Circuit and fail to meet the pleading requirements of Rule 8. *See, e.g.*, *Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988). A shotgun pleading can arise in any of the following circumstances: (i) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts," (ii) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (iii) a complaint that does not separate "into a different count each cause of action or claim for relief," or (iv) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Nash v. New Jersey*, No. 22-1804, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) (citing the factors in *Weiland*, 792 F.2d at 1321–23). "Such pleadings impose on courts and defendants the onerous task of sifting out irrelevancies" to determine which facts relate to which causes of action. *Nash*, 2022 WL 4111169, at *2 (citing *Weiland*, 792 F.3d at 1323).

**B.    Analysis**

Plaintiff's Amended Complaint, like his initial Complaint, fails to state a claim and is an impermissible shotgun pleading. Other than adding two new defendants—Natarajan Chandrasekaran and Subramanian Ramadorai (Am. Compl. at 1[3])—Plaintiff's Amended Complaint remains nearly identical to the initial Complaint. (*Compare* Compl., *with* Am. Compl.). Indeed, a close comparison between Plaintiff's initial Complaint and his Amended Complaint reveals no substantive changes or additions to the revised pleading that would alter this Court's initial screening.

Plaintiff's Amended Complaint continues to air numerous alleged grievances against Defendants based on his encounter with TCS—a prospective employer that did not hire Plaintiff for a position within the company. (Am. Compl. ¶ 1). As best as this Court can decipher, Plaintiff asserts at least twenty-six causes of action under both federal and state law. (*Id.* ¶¶ 200–91). Plaintiff seeks relief in various forms, including declaratory relief, various permanent injunctions, "back pay and [f]ront pay . . . for lifetime until [P]laintiff reaches the age of 85 years," "[c]ompensatory and punitive damages," "15 million dollars [in] [r]easonable fees for time and effort of the [P]laintiff, pain and suffering and all expenses and costs of this action." (*Id.* at 28–32). For the following reasons, Plaintiff's Amended Complaint does not present sufficient allegations to support any causes of action and remains an impermissible shotgun pleading.

---

[3]    The Amended Complaint contains numbered paragraphs 1 to 68 and 200 to 299. Plaintiff appears to have purposefully skipped paragraphs 69 to 199 and uses a combination of lettered and numbered paragraphs in his prayer for relief. (*See, e.g.*, Am. Compl. ¶ 68). Thus, where necessary, the Court also cites to page numbers located at the bottom of Plaintiff's Amended Complaint.

*First*, Plaintiff continues to "reallege and incorporate by reference paragraphs 1 to 200" of his Amended Complaint under all twenty-six counts he asserts. (*See, e.g.*, Am. Compl. ¶¶ 203, 206, 218, 251 & 271). These allegations still embody a shotgun pleading because "each count adopts the allegations of all preceding counts" and, therefore, cannot meet the pleading requirements. *See Weiland*, 792 F.3d at 1321–23.

*Second*, Plaintiff's Amended Complaint remains "replete" with conclusory allegations in lieu of supporting factual allegations. *See id.* at 1322–23. Again, Plaintiff alleges that Defendants failed to hire him because of his race, color, national origin, genetics, U.S. Citizenship, disability status, and religion (*id.* ¶¶ 200–20) and that Defendants admitted to their discriminatory hiring practices (*see e.g.*, *id.* ¶ 50). Despite this Court's prior observations regarding the Complaint's deficiencies—specifically, Plaintiff's failure to outline "what happened, when it happened, or who did or said what"—the Amended Complaint does not cure these deficiencies. (*See* D.E. No. 5 ¶ 7; *see also* Compl.; Am. Compl.). Although Plaintiff appears to have broadly alleged the general circumstances surrounding purported phrase(s) uttered to him by a defendant "[d]uring the recruitment process" (Am. Compl. ¶¶ 52–54), he does not provide any dates or any other decipherable details regarding the discrimination he allegedly endured from an unnamed "TCS employee" (*id.* ¶ 52).

*Third*, Plaintiff's Amended Complaint fails to specify which counts are brought against which defendants in a manner that would allow them to understand the basis for Plaintiff's lawsuit and the nature of the claims brought against each of them. While Plaintiff adds the names of defendants Natarajan Chandrasekaran and Subramanian Ramadorai in the Amended Complaint (*id.* ¶¶ 273–75 & 279–82), the allegations concerning these new defendants are sparse and are lumped together with other defendants. (*See id.* ¶¶ 272–75 & 278–82). In addition, the Amended Complaint continues to include ambiguous allegations that leave the Court and Defendants at a loss as to who allegedly did what and when, such that it remains extraordinarily difficult—if not impossible—to appropriately evaluate the alleged causes of action against which defendants as well as the circumstances surrounding Plaintiff's causes of action. (*See, e.g.*, *id.* ¶¶ 66–67 (noting that Plaintiff filed an "EEOC proceeding against all defendants" without specifying the causes of action subject to said proceeding and noting that Plaintiff "will provide all EEOC proceeding to the defendants at the time of discovery"[4]; *see also* D.E. No. 5 ¶ 7 (citing Am. Compl. ¶¶ 54–55 & 58)). This lack of specificity fails to put Defendants on notice as to what counts are being brought against them and, more generally, the specific facts that pertain to Plaintiff's encounter(s) with any of the defendants or their representatives. Indeed, at certain points throughout the Amended Complaint, the allegations appear to divert from an alleged recruitment process to issues involving family court matters. (*See* Am. Compl. ¶ 52 (alleging that "TCS employee told

---

[4] Moreover, unlike a separate matter by Plaintiff with similar allegations against a different entity, Plaintiff did not allege when he filled an EEOC charge or a charge number; nor did he provide a right-to-sue letter. *See Karupaiyan v. Wipro Ltd.*, No. 23-2424, 2025 WL 89076, at *2 (3d Cir. Jan. 14, 2025) (remanding two discrimination claims dismissed for failure to exhaust administrative remedies where "Karupaiyan alleged that he timely filed a complaint regarding Wipro with the EEOC, . . . provided the charge number . . . . [and] later submitted an EEOC right-to-sue letter bearing that charge number"). Here, to the extent any of Plaintiff's claims require exhaustion, he did not provide any documentation or concrete allegations to suggest he exhausted his administrative remedies with respect to any particular claims.

[someone] that any stupid son of [explicative] sign the child support order why should TCS honor it"); *id.* ¶ 245 ("Count: 15 Dishonoring family court order/contempt of court")).

Therefore, the Amended Complaint, like the original Complaint, is "anything but 'simple, concise, and direct.'" *See Binsack v. Lackawanna Cnty Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting Fed. R. Civ. P. 8(d)(1)). Plaintiff's claims remain conclusory and vague and fail to put each of the Defendants on adequate notice of the causes of action against them. It is not the Court's nor the Defendants' burden to sift through the disjointed narrative presented and determine which causes of action are alleged on what facts and against whom. *See Weiland*, 792 F.3d at 1321–23. Thus, Plaintiff's Amended Complaint is "equally unintelligible as [] the first." *Karupaiyan*, 2021 WL 6102077, at *1. Accordingly, the Amended Complaint fails to state a claim under Rule 12(b)(6) and is an impermissible shotgun pleading that does not comply with Rule 8.

In sum, this Court put Plaintiff on notice that failure to file an amended complaint that cured the deficiencies in the initial Complaint would result in a dismissal *with prejudice*. (D.E. No. 5 ¶ 10). Here, Plaintiff again failed to clearly outline the facts supporting his claims, when and where each of the defendants allegedly committed which acts, and which factual allegations relate to each claim. Akin to a separate matter lodged against a different entity, Plaintiff "has not alleged material facts bearing on his claims that one would expect to be within his knowledge, such as the specific position or positions for which he applied, or when. Nor has he alleged any identifying information about the '[TCS] employee' or employees who allegedly made the statements referenced [throughout the Amended Complaint] or any other employee with whom he may have spoken or who might have been involved in the alleged decision not to hire him." *See Karupaiyan*, 2025 WL 89076, at *2 (noting how "[s]uch details are all the more important here because Karupaiyan alleges that [TCS's] decision not to hire him was the product of numerous separate forms of discrimination").[5] Given the ample time Plaintiff had to amend his complaint and his awareness of the pleading standards (*see supra* n.2), the Court finds Plaintiff had more than sufficient opportunity to cure the Complaint's deficiencies as previously identified (*see* D.E. No. 5), but failed to do so. Thus, in accordance with the Court's prior Order (*see id.*), the Amended Complaint (D.E. No. 21) is hereby **DISMISSED** *with prejudice*.

## III.    PLAINTIFF'S OBJECTIONS TO JUDGE ALMONTE'S R&R

As a preliminary matter, because the Court screened Plaintiff's Amended Complaint and dismissed all claims *with prejudice*, Plaintiff's Motion is **DENIED** as moot. In the alternative, the Court **OVERRULES** Plaintiff's Objections, **ADOPTS** Judge Almonte's R&R in full, and

---

[5]    In addition, there are no private rights of action for the causes of action Plaintiff continuously asserts "based on accusations of tax evasion and money laundering" with citations to various criminal codes and tax statutes that have appeared in Plaintiff's other complaints already assessed in this District and by the Third Circuit. *See Karupaiyan v. Wipro Ltd.*, No. 23-2005, 2023 WL 4896672, at *2–3 (D.N.J. July 31, 2023); *see also Karupaiyan*, 2025 WL 89076, at *3.

**DENIES** Plaintiff's Motion.

### A.    Legal Standard

The standard of review of a magistrate judge's decision depends on whether the magistrate judge addressed a dispositive or non-dispositive issue. When a magistrate judge addresses motions that are considered dispositive, a magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2). When a magistrate judge addresses non-dispositive matters, a magistrate judge has the authority to enter an order. Fed. R. Civ. P. 72(a). When a magistrate judge addresses motions that are considered dispositive, such as to grant or deny a motion to remand an action to state court, a magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2); *In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court.").

Local Civil Rule 72.1(c)(2) allows a party to object to a Magistrate Judge's report and recommendation within 14 days of service. L. Civ. R. 72.1(c)(2); *see also* Fed. R. Civ. P. 72(b)(2). When a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); *see also* 28 U.S.C. § 636(b)(1). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

If the Court overrules the objections, the Court has an obligation to "give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017). "As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. At a minimum, what is not objected to, the district court reviews under the plain error or manifest injustice standard." *Edelson V., L.P. v. Encore Networks, Inc.*, No. 11-5802, 2012 WL 4891695, at *3 (D.N.J. Oct. 12, 2012) (citation modified). "[W]here no objections are made in regard to a report or parts thereof, the district court will adopt the report and accept the recommendation if it is 'satisf[ied] . . . that there is no clear error on the face of the record.'" *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 500195, at *1 (D.N.J. Feb. 10, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's Notes).

Here, as another court faced with similar objections has observed, "the standard of review of the Magistrate Judge's ruling on this Petition [for writ of mandamus] is not entirely clear." *See Edwards v. Wilson Cnty. Gov't*, No. 24-0831, 2025 WL 745085, at *6 (M.D. Tenn. Mar. 7, 2025) (applying a dispositive standard for a petition for a writ of mandamus). Similarly, because "the denial of it does not have the effect of dismissing this case altogether, it does not appear to be a dispositive matter." *See id.* As a precautionary measure, this Court will apply the more stringent standard of review that applies to dispositive motions. However, regardless of the standard applied, Plaintiff's Objections are without merit.

**B.      Analysis**

In his Motion for "Writ of Mandamus, Prohibition, or Alternative," Plaintiff seeks various forms of relief from Defendants. (*See generally* D.E. No. 22). Specifically, Plaintiff's Motion seeks six purported "writs," each of which appears to be similar—if not identical—to the relief sought in the Amended Complaint.[6]

Judge Almonte's Report and Recommendation applied the appropriate legal standard for a writ of mandamus: a determination of whether Plaintiff's Motion warranted an extraordinary remedy such that an ordinary appeal would not suffice. (R&R at 6 (citing *In re Nwanze*, 242 F.3d 521, 524 (3d Cir. 2001))). Judge Almonte found that Plaintiff was not entitled to a writ of mandamus because Plaintiff could obtain relief through a review of his Amended Complaint pursuant to § 1915(e)(2)(B) in the ordinary course, which this Court had not yet undertaken at the time. (*Id.*). Furthermore, now that the Court has screened and dismissed the Amended Complaint, Plaintiff may appeal this Court's dismissal through the normal appeal process. (*Id.*).

As best as this Court can decipher, Plaintiff raises three objections to Judge Almonte's Report and Recommendation. For the following reasons, Plaintiff's Objections to Judge Almonte's Report and Recommendation are without merit.

**First**, Plaintiff objects that "the amended complaint is not dismissed (as final order) which could/should be appealable under 28 U.S. Code § 1291 . . . ." (Pl.'s Obj. at 4). Here, Judge Almonte never represented that Plaintiff's Amended Complaint had been dismissed or that Plaintiff did not have any avenue to pursue the relief he seeks. Rather, His Honor clearly stated that Plaintiff's requested relief was improper because this Court had yet to screen his Amended Complaint. (R&R at 6). Indeed, and ironically, Plaintiff filed his Motion seeking writs on the same day that he filed his Amended Complaint, which would be screened in due course pursuant to § 1915(e)(2)(B). Thus, Plaintiff's arguments as they pertain to interlocutory review are without merit.

**Second**, and similarly, Plaintiff objects that "until final order is taken in the case for appeal, plaintiff has no other adequeat mean [*sic*] to obtain relief and has clear and indisputable right to get Writ(s)." (Pl.'s Obj. at 6). But as Judge Almonte noted, the District Court's review of Plaintiff's Amended Complaint *is* an adequate means to obtain the relief he seeks. (R&R at 5–6). Furthermore, "a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal." (*Id.* at 6 (citing *In re Nwanze*, 242 F.3d at 524)). Plaintiff may appeal a final order of this Court if he believes he is entitled to his requested relief.

**Third**, Plaintiff objects to Judge Wigenton's Preclusion Order from June 7, 2024. (Pl.'s Obj. at 8). However, Judge Almonte explicitly declined to consider whether the Preclusion Order

---

[6]      (*Compare* D.E. No. 22 at 5 (Writ No. 1), *with* Am. Compl. at 28 (Prayer for Relief ¶¶ b & c); *compare* D.E. No. 22 at 6 (Writ No. 2), *with* Am. Compl. at 29 (Prayer for Relief ¶¶ f & g); *compare* D.E. No. 22 at 7 (Writ No. 3), *with* Am. Compl. at 28 (Prayer for Relief ¶ d); *compare* D.E. No. 22 at 7 (Writ No. 4), *with* Am. Compl. at 29 (Prayer for Relief ¶ h); *compare* D.E. No. 22 at 8 (Writ No. 5), *with* Am. Compl. at 32 (Prayer for Relief ¶ n); *compare* D.E. No. 22 at 9 (Writ No. 6), *with* Am. Compl. at 31 (Prayer for Relief ¶ k)).

had any effect in the current matter. (D.E. 27 at 1 n.1). Moreover, this Court did not consider the Preclusion Order in its screening of the Amended Complaint.[7]

Having reviewed Plaintiff's Objections in conjunction with Judge Almonte's Report and Recommendation, this Court finds Plaintiff's Objections are without merit. Thus, in the alternative, Plaintiff's Objections to Judge Almonte's R&R are **OVERRULED**, Judge Almonte's R&R is **ADOPTED** in full, and Plaintiff's Motion is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is **DISMISSED** *with prejudice*, and Plaintiff's Motion is **DENIED** as moot. In the alternative, Plaintiff's Objections to Judge Almonte's Report and Recommendation are **OVERRULLED,** Judge Almonte's Report and Recommendation is **ADOPTED** in full as the Opinion of this Court, and Plaintiff's Motion is **DENIED.** An appropriate Order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[7]    The remainder of Plaintiff's Objections are difficult to decipher, particularly in relation to Judge Almonte's R&R and the current matter. For example, Plaintiff asserts that he "was not able to file projection [*sic*] order" and that "[i]n the past [P]laintiff was attached [*sic*] in the right eye, under eye, above eye closely went thru dead situation." (Pl.'s Obj. at 8). Plaintiff continues that "[i]f there is not such preclusion order, [he] should have filed protection order." (*Id.*). The Court declines to assess or comment on these grievances as they apparently relate to the Preclusion Order, which was not filed in the instant action and was not considered in (and thus had no effect on) the Court's decision herein.